# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

CHOOSECO LLC,            )
                                 )
      Plaintiff,         )
                                 )
      v.                 )        Civil Action No. 2:19-cv-00008-wks
                                 )
NETFLIX, INC.,            )
                                 )
      Defendant.    )

**PLAINTIFF CHOOSECO LLC'S [PROPOSED] SUR-REPLY IN OPPOSITION TO
DEFENDANT NETFLIX, INC.'S MOTION TO DISMISS**

In its response to Netflix's Motion to Dismiss, Chooseco argued that the Court must take

the entire context of the film into account to evaluate Netflix's use of Chooseco's trademark

appropriately.  On reply, Netflix wrongfully suggests that Chooseco's claim is limited to a single

and limited reference to Chooseco's trademark in *Bandersnatch*.  As previously noted,

Chooseco's Amended Complaint includes allegations that Netflix intentionally used elements of

Chooseco's trade dress in its promotion and marketing of the film.  *See* Opp. Br., ECF No. 24 at

22-23.  And Chooseco explicitly stated that the uses of Chooseco's trade dress by Netflix in the

marketing and promotion of the film are relevant to the likelihood of confusion analysis.  *Id.* at 3

n.2.

Indeed, it is beyond dispute that *Bandersnatch* is an interactive film about an interactive

game book that the main character refers to as a CHOOSE YOUR OWN ADVENTURE book.

*Bandersnatch* is set in the same era as when CHOOSE YOUR OWN ADVENTURE interactive

game books rose to prominence, and Netflix's marketing efforts feature visual references to

Chooseco's trade dress.  Netflix's effort to limit Chooseco's claims must be rejected and

Netflix's use of Chooseco's trademarks and trade dress both in Bandersnatch itself and in the

marketing and promotion of the film should be considered by the Court in its infringement analysis.

Moreover, in its reply memorandum, Netflix insists that it "never used [the phrase CHOOSE YOUR OWN ADVENTURE] to market the film . . . ." ECF No. 25 at 12. In reality, Netflix's marketing and promotion efforts seem to have already included two additional instances of infringement while this lawsuit has been pending.[1] After finalizing and filing its Opposition, Chooseco learned that Netflix held an event on May 31, 2019 in Los Angeles, CA titled *Netflix Behind the Lens: Interactive Television*, which was designed to promote *Bandersnatch* with trade group members and generate Emmy buzz. Netflix—through its duly authorized agent—invited press to attend via email. That email referred to *Bandersnatch* as "the sensational 'choose-your-own-adventure' from the minds behind Black Mirror." Furthermore, during the event itself, Netflix representatives used the phrase CHOOSE YOUR OWN ADVENTURE to refer to the film without Chooseco's authorization. Chooseco fortuitously learned about these uses of its mark independently, but it is impossible to know at this point whether other examples of infringing use may exist. That is precisely what discovery is for and why it is needed here.

*Bandersnatch* was nominated for an Emmy. Chooseco anticipates that Netflix will persist in its wrongful course of conduct and will continue to use Chooseco's trademark to promote the film in the lead up to the award ceremony, since it appears to have been undeterred thus far.

---

[1] Chooseco alleged that "Netflix intends to continue its course of conduct and wrongfully promote, offer for sale, and distribute a product or products using the mark CHOOSE YOUR OWN ADVENTURE, despite Chooseco's ownership of the mark." Am. Compl., ECF No. 14, ¶ 53. These new facts support that allegation.

Netflix's agents' use of the mark in the email promoting the May 31, 2019 event, and during the event itself, is commercial speech and constitutes new instances of infringement. Because Netflix has indeed used the phrase to market and promote the film on at least two occasions, discovery is needed to understand the full scope of Netflix's actions and the complete context of Netflix's use of the mark, not only within the film itself but also elsewhere.

Accordingly, Netflix's motion to dismiss is premature and should be denied.

DATED at Burlington, Vermont this 19th day of July, 2019.


By:     /s/ Shapleigh Smith, Jr.
        Shapleigh Smith, Jr., Esq.
        Kendall Hoechst, Esq.
        Dinse P.C.
        209 Battery Street, P.O. Box 988
        Burlington, VT  05402
        802-864-5751
        ssmith@dinse.com
        khoechst@dinse.com

        *Counsel for Chooseco LLC*