IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| CHOOSECO LLC, | ) |
| | ) |
| *Plaintiff/* | ) |
| *Counterdefendant*, | ) |
| | ) |
| *v.* | ) Civil Action No. 2:19-cv-00008-WKS |
| | ) |
| NETFLIX, INC., | ) |
| | ) |
| *Defendant/* | ) |
| *Counterclaimant*. | ) |

**DEFENDANT NETFLIX, INC.'S ANSWER,
<u>AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>**

Defendant Netflix, Inc. ("Netflix"), by and through its undersigned counsel, hereby responds to the Amended Complaint (the "Amended Complaint") of Chooseco LLC ("Chooseco") with the following Answer corresponding to the paragraphs set out in Chooseco's Amended Complaint, including the headers used by Chooseco, and pleads the following Affirmative Defenses and Counterclaims:

**<u>Introduction</u>**

1.      In response to Paragraph 1 of the Amended Complaint and the text appearing immediately before Paragraph 1, Netflix admits that (a) Chooseco has asserted claims under the Lanham Act and for unfair competition under the common law of the State of Vermont, (b) Chooseco has obtained a federal trademark registration for the word mark CHOOSE YOUR OWN ADVENTURE (the "Mark"), and (c) Chooseco has not entered into a license or authorization for Netflix to use the Mark.  Netflix denies the remaining allegations of Paragraph 1 of the Amended Complaint and the text appearing immediately before Paragraph 1,

including without limitation any suggestion that Netflix would need any license or authorization from Chooseco in connection with the use at issue in this action or that the Mark is entitled to trademark protection.

2.      Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Amended Complaint and on that basis denies those allegations.

3.      In response to Paragraph 3 and footnote 1 of the Amended Complaint, Netflix admits that (a) it released the film *Black Mirror: Bandersnatch* ("*Bandersnatch*") on Netflix's digital streaming platform on December 28, 2018; (b) early in the film, the film's protagonist uses the words "Choose Your Own Adventure" with reference to a fictitious book he is reading, (c) Chooseco's Amended Complaint discloses aspects of the plot of *Bandersnatch*; and (d) Chooseco has not entered into a license or authorization for Netflix to use the Mark.  Netflix denies the remaining allegations of Paragraph 3 of the Amended Complaint, including without limitation any suggestion that Netflix would need any license or authorization from Chooseco in connection with the use at issue in this action or that the Mark is entitled to trademark protection.

4.      Netflix denies the allegations of Paragraph 4 of the Amended Complaint.

5.      Netflix admits that Chooseco is seeking damages and injunctive relief in this action, but denies that there is any basis for the award of any damages or the entry of any injunctive relief.

## Parties

6.      Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Amended Complaint and on that basis denies those allegations.

7.     Netflix admits the allegations of Paragraph 7 of the Amended Complaint.

## Jurisdiction and Venue

8.     Paragraph 8 of the Amended Complaint states legal conclusions to which no response is required.

9.     The first sentence of Paragraph 9 of the Amended Complaint states legal conclusions to which no response is required.  In response to the allegations of the second and third sentences of Paragraph 9 of the Amended Complaint, Netflix admits that Vermont residents subscribe to Netflix's subscription-based digital video streaming service (the "Netflix Service"), which allows subscribers to access its library of movies and television programs (the "Content") upon paying a monthly subscription fee.  Netflix denies the remaining allegations of Paragraph 9 of the Amended Complaint, including without limitation that Netflix separately offered or offers *Bandersnatch* other than as part of a subscription to the Netflix Service.

10.     Paragraph 10 of the Amended Complaint states legal conclusions to which no response is required.

## Facts

11.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Amended Complaint and on that basis denies those allegations.

12.     Netflix denies that the rounded color frame, "whether single or double," described in Paragraph 12 of the Amended Complaint is an element of Chooseco's trade dress; that such rounded color frame is entitled to trademark or trade dress protection; and that any alleged foreign uses of such a rounded color frame, including without limitation as depicted in the images contained in Paragraph 12, would support a claim for infringement in the United States.

3

Netflix lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 of the Amended Complaint and on that basis denies those allegations.

13.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Amended Complaint and on that basis denies those allegations.

14.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Amended Complaint and on that basis denies those allegations.

15.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Amended Complaint and on that basis denies those allegations.

16.     In response to the allegations of Paragraph 16 of the Amended Complaint, Netflix admits that Chooseco has obtained a federal trademark registration for the Mark in connection with books, movies, and other types of media, but denies that the Mark is entitled to trademark protection.  Netflix lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 of the Amended Complaint and on that basis denies those allegations.

17.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Amended Complaint and on that basis denies those allegations.

18.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Amended Complaint and on that basis denies those allegations.

19.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Amended Complaint and on that basis denies those allegations.

20.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Amended Complaint and on that basis denies those allegations.

21.     In response to the allegations of Paragraph 21 of the Amended Complaint, Netflix admits that, in or around 2016, Netflix engaged in discussions with Chooseco about a potential project that would have (a) used Chooseco's content; (b) included licensing use of the Mark in connection with that project; and (c) involved branding and advertising the completed project with the Mark.  Netflix denies the remaining allegations in Paragraph 21 of the Amended Complaint, including without limitation any suggestion that those discussions were in any way associated with *Bandersnatch* or that Netflix would need any license or authorization from Chooseco in connection with the use at issue in this action.

22.     Netflix admits the allegations of Paragraph 22 of the Amended Complaint.

23.     In response to the allegations of Paragraph 23 of the Amended Complaint, Netflix admits that (a) Netflix operates the Netflix Service; (b) the Netflix Service includes the Content; and (c) subscribers to the Netflix Service can access the Content through personal devices, such as televisions, computers and smartphones.  Netflix denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24.     In response to the allegations of Paragraph 24 of the Amended Complaint, Netflix admits that Vermont residents subscribe to the Netflix Service, which allows subscribers to access the Content upon paying a monthly subscription fee.  Netflix denies the remaining allegations of Paragraph 24 of the Amended Complaint, including without limitation that Netflix subscribers may separately purchase individual digital content.

25.     In response to the allegations of Paragraph 25 of the Amended Complaint, Netflix admits that Netflix's streaming library includes an anthology series called *Black Mirror* and states that the contents of the *Black Mirror* programs comprising the anthology speak for themselves such that no response is required.

26.     Netflix admits the allegations of Paragraph 26 of the Amended Complaint.

27.     In response to the allegations of Paragraph 27 of the Amended Complaint, Netflix admits that Netflix subscribers have viewed *Bandersnatch* from locations in Vermont.  Netflix denies the remaining allegations in Paragraph 27 of the Amended Complaint.

28.     In response to the allegations of Paragraph 28 of the Amended Complaint, Netflix states that *Bandersnatch* speaks for itself such that no response is required.  To the extent a response is required, Netflix admits that *Bandersnatch* involves viewers making choices that affect the plot and endings viewers are shown, and denies the remaining allegations of Paragraph 28 of the Amended Complaint, including without limitation any suggestion that Netflix would need any license or authorization from Chooseco in connection with the use of a branching narrative device in *Bandersnatch*.

29.     In response to the allegations of Paragraph 29 and footnote 2 of the Amended Complaint, Netflix states that *Bandersnatch* speaks for itself such that no response is required. To the extent a response is required, Netflix admits that the image depicted in Paragraph 29 of

the Amended Complaint appears in *Bandersnatch*, when English language subtitles are turned on, and otherwise denies Chooseco's characterizations of a brief scene in a feature length film.

30.     In response to the allegations of Paragraph 30 of the Amended Complaint, Netflix states that *Bandersnatch* speaks for itself such that no response is required.  To the extent a response is required, Netflix admits that the image depicted in Paragraph 30 of the Amended Complaint appears in *Bandersnatch*, when English language subtitles are turned on, and otherwise denies the remaining allegations of Paragraph 30 of the Amended Complaint, including without limitation Chooseco's characterizations of a brief scene in a feature length film, any implication that the protagonist (Butler) is identifying the book *Bandersnatch* as a book published by Chooseco, or any suggestion that Netflix would need any license or authorization from Chooseco to use the Mark in connection with a fictitious book in a fictional film.

31.     In response to the allegations of Paragraph 31 of the Amended Complaint, Netflix states that *Bandersnatch* speaks for itself such that no response is required.  To the extent a response is required, Netflix admits that the image depicted in Paragraph 31 of the Amended Complaint appears in *Bandersnatch*, when English language subtitles are turned on, and otherwise denies Chooseco's characterizations of a brief scene in a feature-length film.

32.     In response to the allegations of Paragraph 32 of the Amended Complaint, Netflix states that *Bandersnatch* speaks for itself such that no response is required.  To the extent a response is required, Netflix admits that the image depicted in Paragraph 32 of the Amended Complaint appears in *Bandersnatch*, when English language subtitles are turned on, and otherwise denies Chooseco's characterizations of a brief scene in a feature length film.

33.     In response to the allegations of Paragraph 33 of the Amended Complaint, Netflix states that *Bandersnatch* speaks for itself such that no response is required.  To the extent a

response is required, Netflix admits that all viewers of *Bandersnatch* who watch that far see the scene depicted in Paragraph 33 of the Amended Complaint.  Netflix denies the remaining allegations in Paragraph 33 of the Amended Complaint, including without limitation any suggestion that Netflix would need any license or authorization from Chooseco in connection with the use at issue in this action or that the Mark is entitled to trademark protection.

34.     In response to the allegations of Paragraph 34 of the Amended Complaint, Netflix states that *Bandersnatch* speaks for itself such that no response is required.  To the extent a response is required, Netflix admits that *Bandersnatch* carries a rating of TV-MA, that it includes mature themes and imagery, and that it is targeted to mature audiences.  Netflix denies the remaining allegations in Paragraph 34 of the Amended Complaint, including without limitation Chooseco's characterizations of content of the film or the fictional videogame depicted in the film.

35.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 35 of the Amended Complaint and on that basis denies those allegations.  The allegations in the second sentence of Paragraph 35 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, Netflix denies the allegations in the second sentence of Paragraph 35 of the Amended Complaint.

36.     Netflix admits the allegations of Paragraph 36 of the Amended Complaint, but denies any suggestion that Netflix would need any license or authorization from Chooseco in connection with the use at issue in this action or that the Mark is entitled to trademark protection.

37.     Netflix denies the allegations in the first sentence of Paragraph 37 of the Amended Complaint.  In response to the allegations in the second sentence of Paragraph 37 of

the Amended Complaint, Netflix admits that there has been press coverage and reviews of *Bandersnatch*, the contents of which speak for themselves such that no response is required. To the extent that a response is required, Netflix admits that certain press coverage and reviews of *Bandersnatch* have referenced the Choose Your Own Adventure book series.

38.     In response to the allegations in the first sentence of Paragraph 38 of the Amended Complaint, Netflix admits that there were posts on social media discussing *Bandersnatch*, the contents of which speak for themselves such that no response is required. To the extent that a response is required, Netflix admits that certain social media posts referenced the Choose Your Own Adventure book series. Netflix denies the allegations in the second sentence of Paragraph 38 of the Amended Complaint.

39.     Netflix denies the allegations of Paragraph 39 of the Amended Complaint.

40.     Netflix denies the allegations of Paragraph 40 of the Amended Complaint.

41.     Netflix denies the allegations of Paragraph 41 of the Amended Complaint.

42.     In response to the allegations of Paragraph 42 of the Amended Complaint, Netflix admits that it has employed colored borders in certain aspects of promoting *Bandersnatch*. Netflix denies the remaining allegations of Paragraph 42 of the Amended Complaint, including without limitation that those colored borders are an element of Chooseco's trade dress or that they are entitled to trademark or trade dress protection.

43.     In response to the allegations of Paragraph 43 of the Amended Complaint, Netflix states that the referenced website, created for the fictitious "Tuckersoft" videogame company included in the film *Bandersnatch* (the "Tuckersoft Website"), speaks for itself such that no response is required. To the extent a response is required, Netflix admits that the image depicted in Paragraph 43 of the Amended Complaint is a partial screenshot of the Tuckersoft Website.

Netflix denies the remaining allegations in Paragraph 43 of the Amended Complaint.

44.     In response to the allegations of Paragraph 44 of the Amended Complaint, Netflix states that the referenced Tuckersoft Website speaks for itself such that no response is required. To the extent a response is required, Netflix admits that certain of the videogame covers shown on the Tuckersoft Website have double rounded borders and that certain of the videogame covers reference other episodes in the *Black Mirror* anthology, including an episode entitled "Metalhead."  Netflix denies the remaining allegations of Paragraph 44 of the Amended Complaint, including without limitation any suggestion (a) that the double rounded borders shown on the videogame covers resemble the double rounded borders used on Choose Your Own Adventure books; (b) that those colored borders are an element of Chooseco's trade dress; or (c) that they are entitled to trademark or trade dress protection.

45.     Netflix admits the allegations of Paragraph 45 of the Amended Complaint.

46.     Netflix admits that the image depicted in Paragraph 46 of the Amended Complaint, showing the fictional "Bandersnatch" videogame cover, is one of many thumbnail icons used for the film *Bandersnatch* in the Netflix Service.  Netflix denies the remaining allegations of Paragraph 46 of the Amended Complaint, including that the thumbnail constitutes a marketing effort since it is only shown to subscribers who have already purchased the Netflix Service.

47.     In response to the first three sentences of Paragraph 47 of the Amended Complaint, Netflix admits that images from the covers of the fictitious Tuckersoft videogames were used in at least one "pop up storefront" and on posters to promote *Bandersnatch* in the United Kingdom.  Netflix denies the remaining allegations in the first three sentences of Paragraph 47 of the Amended Complaint.  Netflix lacks knowledge or information sufficient to

form a belief about the truth of the allegations in the fourth sentence of Paragraph 47 of the Amended Complaint and on that basis denies those allegations.

48.     Netflix denies the allegations of Paragraph 48 of the Amended Complaint.

49.     Netflix denies the allegations of Paragraph 49 of the Amended Complaint.

50.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Amended Complaint and on that basis denies those allegations.

51.     Netflix denies the allegations of Paragraph 51 of the Amended Complaint.

52.     Netflix denies the allegations of Paragraph 52 of the Amended Complaint.

53.     Netflix denies the allegations of Paragraph 53 of the Amended Complaint.

54.     Netflix denies the allegations of Paragraph 54 of the Amended Complaint, including without limitation that Chooseco has suffered any injury as the result of conduct by Netflix.

## First Claim for Relief – Federal Trademark Infringement
### (15 U.S.C. § 1114)

55.     Netflix hereby incorporates by reference Paragraphs 1 through 54 of this Answer as if fully set forth herein.

56.     In response to the allegations of Paragraph 56 of the Amended Complaint, Netflix admits that Chooseco has obtained a federal trademark registration for the Mark.  Netflix denies the remaining allegations of Paragraph 56 of the Amended Complaint, including without limitation that the Mark is entitled to trademark protection.

57.     Netflix lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Amended Complaint and on that basis denies those allegations.

58.     Netflix denies the allegations of Paragraph 58 of the Amended Complaint.

59.     Netflix denies the allegations of Paragraph 59 of the Amended Complaint.

60.     Netflix denies the allegations of Paragraph 60 of the Amended Complaint.

61.     Netflix denies the allegations of Paragraph 61 of the Amended Complaint.

62.     Netflix denies the allegations of Paragraph 62 of the Amended Complaint.

63.     Netflix denies the allegations of Paragraph 63 of the Amended Complaint.

64.     Netflix denies the allegations of Paragraph 64 of the Amended Complaint.

**Second Claim for Relief – Federal Trademark Dilution**
**(15 U.S.C. § 1125(c))**

65.     Netflix hereby incorporates by reference Paragraphs 1 through 64 of this Answer
as if fully set forth herein.

66.     Netflix denies the allegations of Paragraph 66 of the Amended Complaint.

67.     Netflix denies the allegations of Paragraph 67 of the Amended Complaint.

68.     Netflix denies the allegations of Paragraph 68 of the Amended Complaint.

69.     Netflix denies the allegations of Paragraph 69 of the Amended Complaint.

70.     Netflix denies the allegations of Paragraph 70 of the Amended Complaint.

71.     Netflix denies the allegations of Paragraph 71 of the Amended Complaint.

72.     Netflix denies the allegations of Paragraph 72 of the Amended Complaint.

**Third Claim for Relief – Unfair Competition and False Designation of Origin**
**(15 U.S.C. § 1125(a))**

73.     Netflix hereby incorporates by reference Paragraphs 1 through 72 of this Answer
as if fully set forth herein.

74.     Netflix denies the allegations of Paragraph 74 of the Amended Complaint.

75.     Netflix denies the allegations of Paragraph 75 of the Amended Complaint.

76.     Netflix denies the allegations of Paragraph 76 of the Amended Complaint.

77.     Netflix denies the allegations of Paragraph 77 of the Amended Complaint.

78.     Netflix denies the allegations of Paragraph 78 of the Amended Complaint.

79.     Netflix denies the allegations of Paragraph 79 of the Amended Complaint.

80.     Netflix denies the allegations of Paragraph 80 of the Amended Complaint.

## Fourth Claim for Relief – Unfair Competition
### (Vermont Common Law)

81.     Netflix hereby incorporates by reference Paragraphs 1 through 80 of this Answer
as if fully set forth herein.

82.     Netflix denies the allegations of Paragraph 82 of the Amended Complaint.

83.     Netflix denies the allegations of Paragraph 83 of the Amended Complaint.

84.     Netflix denies the allegations of Paragraph 84 of the Amended Complaint.

85.     Netflix denies the allegations of Paragraph 85 of the Amended Complaint.

86.     Netflix denies the allegations of Paragraph 86 of the Amended Complaint.

87.     Netflix denies the allegations of Paragraph 87 of the Amended Complaint.

88.     Netflix denies the allegations of Paragraph 88 of the Amended Complaint.

89.     Netflix denies the allegations of Paragraph 89 of the Amended Complaint.

90.     In response to the text under the heading "Prayer for Relief," including without
limitation subparagraphs 1-4, Netflix denies that Chooseco is entitled to any relief in this action.

91.     Netflix expressly denies any allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

By alleging the separate and additional defenses set forth below, Netflix is not in any way
agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these
issues.

**FIRST DEFENSE**

Chooseco has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Chooseco's claims are barred by the First Amendment to the United States Constitution.

**THIRD DEFENSE**

Chooseco's claims are barred, in whole or in part, by the fair use defense.

**FOURTH DEFENSE**

Chooseco's claims are barred, in whole or in part, because there is no likelihood of confusion with respect to Netflix's alleged use of Chooseco's trademark.

**FIFTH DEFENSE**

Any losses or damages allegedly caused by Netflix and sustained by Chooseco are *de minimis*, remote, speculative, or transient and not cognizable by law.

**SIXTH DEFENSE**

Chooseco's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or acquiescence.

**SEVENTH DEFENSE**

Chooseco's claims are barred, in whole or in part, because it failed to protect its trademark.

**EIGHTH DEFENSE**

Chooseco's claims are barred, in whole or in part, by the doctrine of genericide.

**NINTH DEFENSE**

Chooseco's claims are barred, in whole or in part, because Chooseco's trademark lacks acquired distinctiveness.

14

**TENTH DEFENSE**

Chooseco's claims are barred, in whole or in part, because it has experienced no actual

harm or injury as a result of Netflix's alleged use of Chooseco's trademark.

**ELEVENTH DEFENSE**

Chooseco's claims are barred, in whole or in part, because Netflix acted with good faith.

**TWELTH DEFENSE**

Chooseco has failed to mitigate its damages as required by law.

**ATTORNEYS' FEES**

Chooseco's actions make this an exceptional case under the Lanham Act and, therefore,

Netflix is entitled to its attorneys' fees under the Lanham Act and other applicable law.

**WHEREFORE,** Netflix respectfully requests that:

1.      Judgment be entered in its favor, and the Amended Complaint be dismissed with

prejudice;

2.      Netflix be awarded its costs, disbursements, and attorneys' fees; and

3.      The Court grant Netflix such other and further relief as is just and proper.

**COUNTERCLAIMS**

Defendant/Counterclaimant Netflix, Inc. ("Netflix") brings the following counterclaims

against Plaintiff/Counterdefendant Chooseco LLC ("Chooseco"):

**THE PARTIES**

1.      Netflix is a publicly traded Delaware corporation with a principal place of

business in Los Gatos, California.

2.      According to the allegations of the Amended Complaint, Chooseco is a Vermont

limited liability company with a principal place of business in Waitsfield, Vermont.

15

## JURISDICTION AND VENUE

3.     This claim arises under the trademark laws of the United States, the Lanham Act, Title 15 of the United States Code.  This Court has subject matter jurisdiction under 15 U.S.C. § 1051, *et seq.*, and in particular §§ 1119 and 1121(a), 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.     This Court has personal jurisdiction over Chooseco because Chooseco resides in this judicial district, has its principal place of business in this judicial district, and does regular business in this judicial district.  This Court further has personal jurisdiction over Chooseco based on the fact that Chooseco filed the instant action in this judicial district.

5.     Venue in this Court is proper under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and omissions giving rise to the counterclaims herein arose in this judicial district.  Venue is also proper in this judicial district because Chooseco has consented to this venue by filing the instant action in this judicial district.

## FACTS

### I.     Netflix's *Black Mirror: Bandersnatch*

6.     Netflix is a popular media services company that primarily offers subscription-based digital video streaming services (the "Netflix Service").  Since 2010, Netflix has used the word mark NETFLIX in connection with the Netflix Service, and has obtained a federal trademark registration for that mark.  *See* Reg. No. 4,953,701.

7.     Netflix's streaming library includes several seasons of *Black Mirror*, a popular and critically acclaimed speculative fiction anthology that examines the relationship between humans and technology.  *Black Mirror* is widely known as originating with Netflix.  An application for the mark BLACK MIRROR is pending under serial number 87/857,889.

8.     On December 28, 2018, Netflix released a film within the *Black Mirror* anthology called *Black Mirror: Bandersnatch* ("*Bandersnatch*").

9.     In 2019, *Bandersnatch* received an Emmy award for "Outstanding Television Movie."

10.     *Bandersnatch* is an interactive film that uses a "branching narrative" storytelling technique.  Specifically, in *Bandersnatch*, viewers determine the plot of the film by selecting options using a mouse or other controller as the film progresses.  Each selection made by a viewer impacts the subsequent plot of the film and can lead to various different endings.

11.     *Bandersnatch* chronicles the efforts of a fictional video game programmer named Stefan Butler to develop a video game for a fictitious video game company called Tuckersoft. Butler's game is based on a fictional book titled "Bandersnatch" by a fictional author named Jerome F. Davies.  Both "Bandersnatch" the fictional book and the "Bandersnatch" video game that Butler works to develop use an interactive-storytelling technique similar to that of the *Bandersnatch* film itself.

12.     Unlike most works in the genre of interactive storytelling, in *Bandersnatch*, the viewer does not step into the shoes of the protagonist whose fate the viewer purportedly controls. Rather, in *Bandersnatch*, the viewer controls the main character as an outside force.  At times, the film depicts Butler as actively resisting the commands the viewer gives him, such as when the viewer commands him to "pull on his earlobe."  When Butler ultimately becomes cognizant that his choices are being controlled, viewers are given the option to tell him he is being manipulated by a person from the future using a computer service called "Netflix."

13.     *Bandersnatch* is also distinct from most works within the interactive-narrative genre in that, in *Bandersnatch*, there is no way for the viewer to make choices that will enable its

protagonist to successfully complete the adventure he has set out for himself (in this case, to successfully convert the book "Bandersnatch" into a popular video game). Every possible ending for the film turns out badly for Butler, despite a viewer's efforts to navigate him to a successful ending.

14.     The film uses these subversions of the expectations associated with the interactive-storytelling genre to explore questions of free will and the concern that people are increasingly controlled by technology. This is in keeping with the larger themes of the *Black Mirror* anthology.

15.     In a single line of dialogue early in the film, Butler's father asks him why he is "always flicking backwards and forwards" in the fictitious book "Bandersnatch." Butler answers that is because the book is "a 'Choose Your Own Adventure' book," meaning that it is the kind of book in which "[y]ou decide what your character does." The phrase "Choose Your Own Adventure" is not used in any other scenes in the film, in any promotion of the film, or in connection with marketing the Netflix Service actually purchased by consumers.

16.     The single line of dialogue in which Butler uses the phrase "Chose Your Own Adventure" was selected in good faith. That passage of dialogue was included in the film based on what it adds artistically to the work, and not for purposes of creating confusion as to whether *Bandersnatch* originates with, or is authorized by, Chooseco.

17.     To the contrary, *Bandersnatch* is identified as originating with Netflix, including without limitation (a) in the film's credits, (b) in the marketing for the film, (c) by incorporating within the title of the film an express reference to *Black Mirror*, a popular anthology that had already become widely identified as originating with Netflix, and (d) because *Black Mirror* programs, including *Bandersnatch*, are available only to paid subscribers of the Netflix Service.

II.     **"Choose Your Own Adventure"**

18.     According to the allegations in the Amended Complaint, Chooseco currently publishes a book series under the series name Choose Your Own Adventure.  The books in the Choose Your Own Adventure series employ interactive-narrative techniques.

19.     The books in Chooseco's Choose Your Own Adventure series are not the only books that employ interactive-narrative techniques.  In fact, books employing that technique long predate Chooseco's existence.

20.     In addition, interactive-narrative techniques are frequently employed in other media, especially videogames, in a manner that is unconnected either to Chooseco or to the Choose Your Own Adventure book series.

21.     Upon information and belief, Bantam Books, Inc. published a book series under the same moniker beginning in 1979, but that series went out of print in 1999.  Bantam Books owned a federal registration for the word mark "Choose Your Own Adventure" under registration number 1,195,683, which mark was cancelled on February 22, 2003 for failure to file a declaration of use.

22.     According to the allegations in the Amended Complaint, Chooseco obtained a federal registration for the mark "Choose Your Own Adventure," federal registration number 2,913,403.

23.     Upon information and belief, Chooseco obtained additional federal trademark registrations involving the mark "Choose Your Own Adventure," including the following:

    a.      "Choose Your Own Adventure," federal registration number 4,682,357, in connection with downloadable computer application software in the nature of books featuring multiple choice and multiple ending fiction stories, all accessible via mobile phones, portable media players and handheld computers;

    b.      "Choose Your Own Adventure," federal registration number 5,651,588, in connection with board games;

c.      "Choose Your Own Adventure," federal registration number 2,807,473, in connection with a series of fiction books for young adults; and

d.      "Choose Your Own Adventure," federal registration number 3,234,147 in connection with motion picture theatrical films, and/or animated films; providing information about motion picture films via global computer network; entertainment services, namely, providing on-line computer games, electronic games, and serialized publications, namely, interactive multiple choice, multiple ending stories and games delivered by video on demand, digital video recorder, cable, terrestrial, and satellite television; providing online books, graphic novels and comic books featuring multiple choice, multiple ending fiction stories provided on global computer networks;

24.      The phrase "Choose Your Own Adventure" has become generic in its current use within the United States.

25.      In contemporary parlance, *any* situation that requires making a series of unguided choices, or that provides an opportunity to go back and re-make a series of choices that turned out badly, is referred to as a "Choose Your Own Adventure."  For instance, judicial opinions routinely use the phrase "Choose Your Own Adventure" in those ways.  *See, e.g.*, *Alabama Legis. Black Caucus v. Alabama*, 575 U.S. 254, 293-94 (2015) (Scalia, J., dissenting) ("By playing along with appellants' choose-your-own-adventure style of litigation, willingly turning back the page every time a strategic decision leads to a dead-end, the Court discourages careful litigation and punishes defendants who are denied both notice and response."); *Conejo-Bravo v. Sessions*, 875 F.3d 890, 893 (9th Cir. 2017) (lamenting that "[a]lmost every Term, the Supreme Court issues a 'new' decision with slightly different language that forces federal judges, litigants, lawyers and probation officers to hit the reset button once again in determining whether a crime is a" crime involving moral turpitude, and describing this as "the current Choose Your Own Adventure approach" (internal quotation marks omitted)); *Fiteq Inc. v. Venture Corp.*, 169 F. Supp. 3d 948, 958 n.4 (N.D. Cal. 2016) (complaining that the defendants' "baffling presentation of evidentiary objections essentially functions as a choose-your-own-adventure for the Court,

laying out thirteen independent grounds for objections in clusters followed by lists of 50-100 exhibits").

26.     Similarly, in the context of narrative fiction, including videogames, the phrase "Choose Your Own Adventure" is now widely used to describe *any* work that employs "branching" storytelling.  The phrase is not limited in its usage just to works originating with, or authorized by, Chooseco.  Instead, works that employ interactive storytelling are frequently described, or referred to, as "Choose Your Own Adventure" works.

27.     Thus, in its current usage, the phrase "Choose Your Own Adventure" encompasses the entire genre of interactive-narrative fiction, a genus of media of which Chooseco's book series is just one species.  The phrase does not function as a signifier of goods originating with, or associated with, a single source.

## COUNT I
## DECLARATION OF NONINFRINGEMENT AND NONDILUTION

28.     Netflix realleges and reincorporates the allegations of Paragraphs 1-27 as though set forth fully herein.

29.     Chooseco is not entitled to trademark protection for the phrase "Choose Your Own Adventure," including because the phrase is generic and allowing Chooseco to control the usage of that commonly-used phrase conflicts with the First Amendment.  At a minimum, the strength of Chooseco's marks is substantially diminished because of the widespread use of the phrase in a generic sense.

30.     In the alternative, the use of the phrase "Choose Your Own Adventure" in a single-line of dialogue in the film *Bandersnatch* does not violate whatever federal or state rights Chooseco might have in its alleged "Choose Your Own Adventure" marks.

31.     The single use of the phrase "Choose Your Own Adventure" in the film *Bandersnatch* is artistically relevant to the film and is not explicitly misleading as to whether the film *Bandersnatch* originates with Chooseco, or is affiliated with, or endorsed or authorized by, Chooseco.  To the contrary, *Bandersnatch* is identified as originating with Netflix, including without limitation (a) in the film's credits, (b) in the marketing for the film, (c) by incorporating within the title of the film an express reference to *Black Mirror*, a popular anthology that had already become widely identified as originating with Netflix, and (d) because *Black Mirror* programs, including *Bandersnatch*, are available only to paid subscribers of the Netflix Service.

32.     The idea of a branching narrative story or film is not protected by trademark law and does not provide a basis for concluding that the use of the phrase "Choose Your Own Adventure" within the film *Bandersnatch* is infringing.

33.     To the extent that Chooseco alleges that rounded color borders are an element of its trade dress, and further alleges that Netflix's use of rounded color borders in and ancillary to the film *Bandersnatch* is infringing, the use of rounded color borders is sufficiently common that such borders cannot constitute a protected element of Chooseco's trade dress, nor can they provide a basis for finding that the use of the phrase "Choose Your Own Adventure" within the film *Bandersnatch* is infringing.

34.     Any use by Netflix of the phrase "Choose Your Own Adventure" is a non-infringing, fair use.  It is used by the film's protagonist to answer a question seeking a descriptive answer – *i.e.*, why he is "always flicking backwards and forwards" in the book.

35.     Chooseco's alleged mark "Choose Your Own Adventure" is not famous under 15 U.S.C. § 1125(c), in the sense that it identifies products as originating with Chooseco, since that phrase is widely used by numerous others in a generic sense.  The use of the phrase "Choose

Your Own Adventure" within the film *Bandersnatch* is not dilutive of Chooseco's alleged marks. In any event, the use of the phrase "Choose Your Own Adventure" could not support a claim for dilution because the phrase (a) is not used to refer to Netflix's products – whether the Netflix Service or *Bandersnatch* – and (b) is not a commercial use.

36.    Chooseco's assertion that Netflix is violating Chooseco's legal rights irreparably injures Netflix and adversely affects its business and the large investment it has made in its goods and attendant goodwill.  These assertions will continue to adversely affect Netflix's business unless prevented by this Court.

37.    Based on the allegations above and the Amended Complaint filed in this judicial district, there is an actual and substantial controversy between Netflix and Chooseco, which have adverse legal interests.  The dispute between Netflix and Chooseco is substantial, definite and immediate and not hypothetical, as evidenced by Chooseco's Amended Complaint.

38.    Chooseco's allegations asserted in the Amended Complaint warrant judicial relief from this Court in the form of a declaration that Chooseco's alleged marks for "Choose Your Own Adventure" have not been infringed by Netflix.

39.    The declaratory relief sought with respect to Chooseco's infringement claims under the Lanham Act would also preclude Chooseco from asserting claims for unfair competition under Vermont law.

## COUNT II
## CANCELLATION OF TRADEMARK REGISTRATIONS
## UNDER 15 U.S.C. §§ 1064, 1119

40.    Netflix realleges and reincorporates the allegations of Paragraphs 1-39 as though set forth fully herein.

41.    The alleged "Choose Your Own Adventure" marks that are the subject of Registration Nos. 2,913,403; 4,682,357; 5,651,588; 2,807,473; and 3,234,147 lack

distinctiveness, are generic, and therefore are unprotectable.  As detailed herein, the phrase

"Choose Your Own Adventure" no longer denotes a single source or origin.  Instead, it is a

common phrase used by the general public to refer (a) to any situation that requires making a

series of unguided choices, or that provides an opportunity to go back and re-make a series of

choices that turned out badly, or (b) to any interactive fictional work that employs a "branching"

narrative style, regardless of the source or origin of the work.

42.     As used in the context of fictional works, the phrase "Choose Your Own

Adventure" encompasses the entire genre of interactive-narrative fiction, a genus of media of

which Chooseco's book series is just one species.

43.     Accordingly, Chooseco's alleged "Choose Your Own Adventure" marks are

generic and incapable of source identification.  As a result, they cannot qualify for trademark

protection pursuant to 15 U.S.C. § 1064(3).

44.     Netflix has been and will continue to be damaged if the registrations of

Chooseco's alleged marks are not cancelled, as these purported marks form the basis for

Chooseco's claims alleged in its Amended Complaint.

45.     Based on the facts alleged herein, Chooseco's alleged marks lack distinctiveness

and are generic and should be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119.  Netflix

therefore seeks cancellation of Chooseco's Registration Nos. 2,913,403; 4,682,357; 5,651,588;

2,807,473; and 3,234,147 from the Principal Register of the U.S. Patent and Trademark Office.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Netflix prays for the following relief against

Plaintiff/Counterdefendant Chooseco:

1.     For an Order declaring that Netflix did not infringe Chooseco's alleged marks

based on the use of the phrase "Choose Your Own Adventure" within its film *Bandersnatch*;

2.      For an Order declaring that Netflix did not dilute Chooseco's alleged marks based on Netflix's use of the phrase "Choose Your Own Adventure" within its film *Bandersnatch*;

3.      For an Order declaring that Netflix did not engage in unfair competition under the common law of Vermont based on Netflix's use of the phrase "Choose Your Own Adventure" within its film *Bandersnatch*;

4.      For an Order declaring Registration Nos. 2,913,403; 4,682,357; 5,651,588; 2,807,473; and 3,234,147 invalid and/or unenforceable and cancelling those registrations from the Principal Register of the U.S. Patent and Trademark Office pursuant to 15 U.S.C. § 1119;

5.      That Netflix recovers all expenses and costs incurred in connection with this suit, including reasonable attorneys' fees; and

6.      That Netflix be awarded such other and further relief as the Court may deem just and proper.

Dated:  February 25, 2020                    Respectfully submitted,

Robert B. Hemley, Esq.
Gravel & Shea PC
76 St. Paul St., 7th Floor, P.O. Box 369
Burlington, VT  05402-0369
Telephone: (802) 658-0220
rhemley@gravelshea.com

_____*/s/ Seth D. Berlin*_____
Seth D. Berlin (admitted *pro hac vice*)
Paul Safier (admitted *pro hac vice*)
Catherine Seibel (admitted *pro hac vice*)
BALLARD SPAHR LLP
1909 K Street, N.W., 12th Floor
Washington, DC  20006-1157
Telephone: (202) 508-1122
berlins@ballardspahr.com
safierp@ballardspahr.com
seibelc@ballardspahr.com

*Counsel for Defendant/Counterclaimant
Netflix, Inc.*